IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                )
                                      )
BONNIE MAI BELLINGROEHR,              )    Case No. 08-61582
                                      )
            Debtor.                   )

## ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

The Chapter 7 Trustee in Debtor Bonnie Mai Bellingroehr's bankruptcy case

objects to her claimed exemptions in certain assets as tenancy by entireties property

pursuant to 11 U.S.C. § 522(b)(3)(B).  The Trustee asserts that the Debtor cannot

claim the assets exempt as entireties property because they are owned by a revocable

living trust with her non-filing husband, John H. Bellingroehr, and not by them as

husband and wife.  He also asserts that, if the property is owned by the Bellingroehrs

as entireties property, they have joint debt which must be paid from such property.

This is a core proceeding under 28 U.S.C. § 157(b)(2) over which the Court has

jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1).  For the reasons

that follow, the Trustee's objection to exemptions is OVERRULED.

On July 12, 2001, the Bellingroehrs created a Revocable Trust Agreement for

estate planning purposes.  That same date, they transferred their residential real estate

to the Trust by General Warranty Deed.  The Trust also owns an Edward Jones

account containing a little less than $30,000 as of August 29, 2008.[1] All property held by the Trust was, prior to transfer into such Trust, held by the Bellingroehrs as tenants by the entireties. The Revocable Trust Agreement authorizes the Bellingroehrs, acting jointly as grantors and trustees, to withdraw property from the Trust, or to revoke the Trust.[2] Upon the death of one of the Bellingroehrs, the survivor is authorized to take such actions.

The parties do not dispute that the Debtor's interest in the Trust is property of her bankruptcy estate. Rather, the dispute here is whether the Debtor can claim the assets of the Trust exempt as entireties property. Section 522(b)(3)(B) of the Bankruptcy Code exempts property held with a non-debtor spouse as tenants by the entirety under applicable state law.[3] Tenants by the entirety is a form of marital

---

[1] The Trustee also asserted that the Trust owned a 1996 Chevrolet Silverado, a 2002 Ford Winstar Van, a Browning 12 gauge shotgun, household goods, and a checking account at Metro National Bank. However, the evidence at the hearing showed that the vehicles and bank accounts are not owned by the Trust, but are owned by the Bellingroehrs jointly. The Trustee offered no evidence as to the ownership of the shotgun and household goods. Thus, I find that all of these items are owned by the Bellingroehrs as tenants by the entireties.

[2] The Trust Agreement does not expressly require the Bellingroehrs to act jointly with respect to the Trust. However, it also does not authorize one of them to act without the other, except where one of them has died or become incapacitated. As a result, both of them are required to act in respect to the Trust: "If there are two or more trustees, the powers conferred upon them can properly be exercised only by all the trustees, unless it is otherwise provided by the terms of the trust." *Restatement (Second) of Trusts* § 194 (Am. Law. Inst. 2008) ("If there are two or more trustees, action by all of them is necessary to the exercise of the powers conferred upon them as trustees. If one of them refuses to concur in the exercise of a power, the others cannot exercise the power.").

[3] 11 U.S.C. § 522(b)(3)(B).

2

property ownership which was created by common law, not by statute.[4]  It is "based

upon the ancient common law principle that, upon marriage, each spouse loses his or

her individual identity, and the two people become one entity."[5]  The original purpose

of creating this form of property ownership was to protect a wife from the husband

who might irresponsibly lose the family home or other assets.  As a result, the

"primary characteristic of tenancy by the entireties property is that neither spouse may

revoke, terminate, or burden the property unilaterally."[6]

> Personal estates held by the entirety can be changed to other types of
> estates by consent, agreement or acquiescence.  The husband and wife
> can by consent, agreement, or acquiescence change the character of
> entirety property.  *A tenancy by the entirety may be severed during the
> lifetime of the parties by agreement, actual or implied, or by any conduct
> or course of dealing sufficient to indicate that all parties have mutually
> treated their interests as belonging to them in common.*  The change,
> however, cannot be effected by the unilateral act, understanding or
> conduct of one of the spouses.  To cause such a change the husband and
> wife must act together in a joint and mutual effort.[7]

---

[4] Since establishment of tenancy by the entireties by the courts, the Missouri legislature
has codified a presumption that spouses own property in that form as to, *e.g.*, bank accounts (Mo.
Rev. Stat. § 372.470(5)) and motor vehicles (Mo. Rev. Stat. § 301.675).

[5] *In re Hunter,* 970 F.2d 299, 301 (7th Cir. 1992).

[6] *United States v. Becker,* 2005 WL 6120994 at *10 (E.D. Mo. Sept. 25, 2005) (holding
that where trust agreement did not prohibit husband from altering trust holdings unilaterally,
property was held by spouses as tenants in common).  *See also Skwiot v. Skwiot*, 808 S.W. 2d 27
(Mo. Ct. App. 1991) (holding that transfer to trust severed the entireties where trust gave
husband exclusive power to terminate or revoke the trust instrument and to receive assets of trust
as his own property).

[7] *In re Stanke*, 234 B.R. 439, 442 (Bankr. W.D. Mo. 1999) (*quoting Merrill Lynch,
Pierce, Fenner and Smith, Inc. v. Shackelford*, 591 S.W.2d 210, 214 (Mo. Ct. App. 1979);

3

"When a tenancy by the entirety is severed, the result is a tenancy in common."[8]

In *In re Stanke*, Judge Venters of this Court concluded that the debtor and her husband severed the entireties by conveying their property to their separate trusts, and including specific language in the documents that they intended to convert all of the property they acquired after their marriage to tenancy in common.[9]  In creating separate trusts in this fashion, rather than holding the property as tenants by the entireties, the Stankes enabled themselves to each, upon death, gain the maximum exemption from federal and state estate taxes, since each of their trusts owned a separate interest in property.

In contrast, the Bellingroehrs did not transfer their entireties assets into separate trusts to be held as tenants in common.  Instead, they transferred such assets to one Trust, to be held by such Trust until they act jointly to dispose of such assets or revoke the Trust. Upon the death of one of them, the survivor alone is authorized to make such disposition.  While they both are alive, however, neither spouse can act to revoke the Trust, or to transfer any asset of the Trust, without the consent of the other.  Thus, for all intents and purposes, the Bellingroehrs are restricted in transferring the

---

emphasis added by Judge Venters in *Stanke*).

[8] *Id.* at 442 n.6.

[9] *Id.* at 444.

4

property in the exact same way they were when the property was held in their names as tenants by the entireties.

The Chapter 7 Trustee, however, argues that tenancy by the entireties is only available as to property held by spouses, not that held in the name of a trust.  But the purpose of entireties property, to protect one spouse from losing marital assets because of the actions of the other spouse, is not in any way affected by this Trust Agreement, since it does not enable either spouse to transfer the property without the consent of the other.  In the years since the fiction of entireties property was created, revocable trusts have developed as a tool for estate planning which enables individuals to retain the same control over their property as they would have by leaving it in their own names. Thus, for income tax purposes, the Bellingroehrs have treated Trust assets as being owned by them personally as entireties property, as they are permitted to do since the Trust is a revocable grantor trust.[10]  And, under Missouri law, "[w]hether or not the terms of a trust contain a spendthrift provision, during the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's

---

[10] "In general, a grantor trust is ignored for tax purposes and all of the income, deductions, etc., are treated as belonging directly to the grantor."  Department of the Treasury, Internal Revenue Service, *2008 Instructions for Form 1041 and Schedules A, B, G, J. and K-1, U.S. Income Tax Return for Estates and Trusts* at 11, *available at* http://www.irs.gov/pub/irs-pdf/i1041/pdf.

creditors."[11]  Thus, Missouri and Federal statutory law treat the Trust assets as being
owned by the Bellingroehrs.  Where, as here, the settlors, trustees, and beneficiaries
of a trust such as this one are all the same persons, no purpose is served by treating
such assets as being owned by anyone but those persons.

Consequently, because the Trust in this case possesses the essential restrictions
against severability and transferability as entireties property possesses, I find that the
Bellingroehrs did not sever the tenancy by transferring the entireties property into the
Trust.  Mrs. Bellingroehr may, therefore, claim entireties exemptions in the Trust
assets in the same manner as she could have had they not been transferred to the Trust.

That being the case, as entireties property, the Trust assets are vulnerable to
creditors holding debts on which the Bellingroehrs are jointly liable.[12]  However, the
Bellingroehrs' uncontroverted testimony at the hearing was that none of the debts
listed on Mrs. Bellingroehr's schedules, except for the home mortgages, is joint debt
– most of them were incurred by Mrs. Bellingroehr in connection with her separate
business.  As to the home mortgages, the schedules state that the home is worth well
in excess of the total of such mortgages, and no other evidence was offered.

---

[11] Mo. Rev. Stat. § 456.5-505.1.

[12] *In re Van Der Heide*, 164 F.3d 1183, 1184 (8th Cir. 1999) ("In Missouri, entireties
property is not subject to the claims of the creditors of only one of the tenants, but is subject to
such claims by creditors of joint debtors.").

6

Therefore, the trustee has failed to establish that there are any joint unsecured debts to be paid from the property held by the Bellingroehrs as tenants by the entirety.  As a result, the Trust assets, as entireties property, are exempt from the individual obligations of the Debtor, Bonnie Mai Bellingroehr.

ACCORDINGLY, the Trustee's Objection to the Debtor's claimed exemptions is OVERRULED.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 3/18/2009

Attorney for movant to serve parties not receiving electronic notice